

Reid Skibell
rskibell@glennagre.com
55 Hudson Yards, 20th Floor
New York, NY 10001
212.358.5600

June 2, 2022

**VIA ECF**
Honorable Steven I. Locke
United States District Court Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:    *Shoreline Aviation, Inc. v. Sound Aircraft Flight Enterprises, Inc. et. al.*
             Civil Action No: 2:20-cv-02161-JMA-SIL

Dear Judge Locke,

     We represent Defendants Cynthia L. Herbst, Sound Aircraft Flight Enterprises, Inc. ("Sound Aircraft"), and Ryan F. Pilla (collectively, the "Herbst Defendants") in the above-referenced action. We write for the limited purpose of requesting that the Court compel Shoreline Aviation, Inc. ("Shoreline") to produce the settlement agreement reached with the other defendants. The Herbst Defendants are entitled to a copy of the settlement agreement because the money Shoreline received would be an offset against its purported damages. The Herbst Defendants intend to demonstrate via a motion for summary judgment that Shoreline has no cognizable damages. The settlement agreement will be relevant to any argument that Shoreline raises in opposition on the issue of damages.

     In its complaint, Shoreline alleges that defendants Blade Urban Air Mobility, Inc., Melissa Tomkiel, and Robert S. Wiesenthal (the "Blade Defendants") misappropriated Shoreline's purported confidential information and tortiously interfered with its business. These claims are identical to ones brought against the Herbst Defendants and for which Shoreline seeks damages.

     On March 15, 2022, Shoreline announced that it had settled its claims against the Blade Defendants. Following its settlement, however, Shoreline did not produce a copy of the settlement agreement even though it would be responsive to Document Requests 20 and 25 of the Herbst Defendants' first request for the production of documents, which call for documents related to Shoreline's alleged damages. *See* Dkt. No. 86-3.

     On April 18, 2022, Shoreline updated its interrogatory responses for the very first time, and it slashed its damages by 88%—from supposedly $13,373,747 to $1,608,401.38. *See* Dkt. No. 110. Once again, Shoreline neglected to include in this interrogatory response any information regarding settlement funds it received from the Blade Defendants, which would be an offset against its purported damages.

     Subsequently, we asked Shoreline to produce a copy of the settlement agreement. Not only did Shoreline refuse to produce the document, but it will not explain the basis for its refusal. Its position, as stated by its counsel in a May 23 email, is: "Thanks for clarifying the document

Glenn Agre Bergman & Fuentes LLP
New York
San Francisco
glennagre.com

June 2, 2022
Page 2 of 2



requests.  We don't agree that you are entitled to the settlement agreement.  We will not be producing it."

The Herbst Defendants respectfully submit that Shoreline should be compelled to produce the settlement agreement. "Settlement agreements and negotiations are not protected from disclosure as privileged." *Brown v. Northridge Constr. Corp.*, 2021 WL 3540241, at *1 (E.D.N.Y. July 2, 2021) (quoting *Gov't. Emps. Ins. Co. v. Cean*, 2020 WL 9812909, at *1 (E.D.N.Y. Nov. 12, 2020)). It is equally true that "no heightened showing of relevance is required to justify settlement agreement disclosure." *Id.*; *see also Morgan Art Found. Ltd. v. McKenzie*, 2020 WL 3578251, at *5 (S.D.N.Y. July 1, 2020) (collecting authorities). And numerous courts have found that settlement agreements with other defendants are relevant to the issue of damages. *See, e.g.*, *Brown*, 2021 WL 3540241, at *1 (ordering production of settlement agreement); *Ferguson v. Ruane Cunniff & Goldfarb Inc.*, 2020 WL 4586800, at *4 (S.D.N.Y. Aug. 10, 2020) (same); *Sky Med. Supply Inc. v. SCS Support Claim Servs., Inc.*, 2016 WL 4703656, at *7 (E.D.N.Y. Sept . 7, 2016) ("[W]here any such settlement was reached, the amount of any offset / recoupment bears directly on the amount of damages Plaintiff is claiming in this case and is thus relevant to the claims and defenses being asserted. Therefore, Defendant should have the opportunity to verify the nature and extent of any such agreements or otherwise establish, through such production, what monies have been paid to Plaintiff by defendants concerning the claims at issue.").

To the extent that there is a trial in this matter and any of the Blade Defendants testify, "the existence and terms of the [settlement agreement] could bear on the credibility of their testimony." *Ferguson*, 2020 WL 4586800, at *4; *see also Ramiro Aviles v. S&P Glob., Inc.*, 2021 WL 5855536, at *3 (S.D.N.Y. Dec. 9, 2021) (ordering production of settlement agreement). For example, the settlement agreement may contain a cooperation provision that would implicate the credibility of such testimony. This is an independent reason why the settlement agreement is relevant and should be produced.

We are available to address any questions the Court may have about this matter.

Respectfully submitted,

/s/ Lindsey (Reid) Skibell
Reid Skibell