

Reid Skibell
rskibell@glennagre.com
55 Hudson Yards, 20th Floor
New York, NY 10001
212.358.5600

June 13, 2022

**VIA ECF**
Honorable Steven I. Locke
United States District Court Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:    *Shoreline Aviation, Inc. v. Sound Aircraft Flight Enterprises, Inc. et. al.*
             Civil Action No: 2:20-cv-02161-JMA-SIL

Dear Judge Locke,

      We represent Defendants Cynthia L. Herbst, Sound Aircraft Flight Enterprises, Inc. ("Sound Aircraft"), and Ryan F. Pilla (collectively, the "Herbst Defendants") in the above-referenced action. We write to ask the Court to compel non-party Camille R. Murphy to comply with the deposition and document subpoena that was served upon her on March 14, 2022 (the "Subpoena"). We do not wish to further burden the Court with discovery disputes, however, Judge Azrack has directed the Herbst Defendants to complete discovery before filing a summary judgment motion. While the Herbst Defendants believe that the factual record is more than adequate to demonstrate their entitlement to summary judgment, Ms. Murphy is in possession of relevant evidence and the Herbst Defendants are entitled to buttress their defenses. Indeed, her testimony should demonstrate that Shoreline Aviation, Inc. ("Shoreline") knew when it brought this case that it lacked any colorable damages.

**Ms. Murphy's Expected Testimony and Documents**

      Ms. Murphy was Shoreline's accountant for over thirty-five years, and she submitted an affidavit in this case. However, this affidavit does not include critical information, making it materially misleading, which is why she was subpoenaed.

      Ms. Murphy states in her affidavit that Shoreline paid more in taxes on the sale of its assets to Hyannis Air Service Inc. d/b/a Cape Air ("Cape Air") than if it had an Employee Stock Ownership Plan ("ESOP") in place. But Cape Air produced documents, including detailed spreadsheets, showing that John Kelly and Ms. Murphy worked together on proposals to convince Cape Air to pay more to compensate for the loss of tax benefits from the contemplated ESOP. Those negotiations were successful, as Cape Air paid approximately $1.5 million more for Shoreline's assets than under the original version of the deal. However, ***none*** of the spreadsheets were produced by Shoreline. While Cape Air's deponent testified regarding its understanding of what was in the spreadsheets, he did not create them. Not only can Ms. Murphy testify regarding how these spreadsheets were created and what they show, but she should have additional documents about the extra money Shoreline received.

Likewise, her affidavit states that Shoreline's revenue went down in 2018, after the events at issue, as compared to 2017. But it is silent regarding Shoreline's costs. Shoreline's financial statements seem to show that it performed better in 2018 than in 2017 because its costs went down. Ms. Murphy should be able to testify that Shoreline was more profitable in 2018 because it no longer had to pay commissions to Ms. Herbst.

**Ms. Murphy's Refusal to Comply with the Subpoena**

The Herbst Defendants served Ms. Murphy with a deposition and document subpoena on March 14, 2022. *See* Ex. A, Rule 45 Subpoena to Camille R. Murphy; Ex. B, Proof of Service of Rule 45 Subpoena to Camille R. Murphy. This was well before the deadline to complete the deposition of all non-expert witnesses, which was April 29, 2022. *See* Dkt. No. 92.

Ms. Murphy did not serve any responses or objections to the Herbst Defendants' subpoena by the compliance date of April 12, 2022. The day before the deadline, Ms. Murphy's counsel[1] requested a three-week extension to respond because she was busy due to "tax season." Ex. C, at April 11, 2022, 6:47 PM email. While the Herbst Defendants agreed to accommodate this request, Ms. Murphy provided neither documents nor any available deposition dates after the three weeks extension.

When counsel for the Herbst Defendants followed up, Ms. Murphy's counsel responded by, intermittently, making excuses and ignoring correspondence. Some examples are illustrative.

On June 1, Ms. Murphy's counsel represented that he "will be producing documents . . . next week with respect to the subpoena served on Camille Murphy." Ex. C, at June 1, 2022, 1:22 PM email.

The Herbst Defendants' counsel responded and stated that the parties should "find a time to discuss how the documents were collected and what [Ms. Murphy is] producing, particularly since [Ms. Murphy] failed to serve any responses and objections and thus [has] waived the right to do so. *Id.* at June 1, 2022, 1:28 PM email. The Herbst Defendants' counsel also again requested deposition dates for Ms. Murphy. *Id.*

Ms. Murphy's counsel did not confer with the Herbst Defendants' counsel regarding her purported document production nor did he provide dates for her deposition. Instead, he engaged in gamesmanship and indicated that Ms. Murphy would not sit for a deposition because the purported deadline for depositions had passed. Ex. C, at June 2, 2022, 1:44 PM email. Despite Ms. Murphy's counsel's obstructive behavior, the Herbst Defendants' counsel asked him again to confirm that his client would appear for a deposition and would provide documents responsive to the Subpoena. *Id.* at June 3, 2022, 10:59 AM email. Ms. Murphy's counsel responded to this

---

[1] The attorney who responded on Ms. Murphy's behalf, James Vladahamis, has represented other third parties in this case, and presumably is being paid by Shoreline.

correspondence and claimed that he was "out of the office for [his] brother's wedding [and will] be back in the office on Monday and will respond by Monday morning after [he] had a chance to speak with [his] client. *Id.* at June 3, 2022, 2:47 PM email.

On June 6, 2022, Ms. Murphy's counsel emailed the Herbst Defendants counsel indicating that they were searching for responsive documents to produce, but would not provide Ms. Murphy for a deposition without the Herbst Defendants seeking leave of court because the deadline for depositions had purportedly passed. Ex. D, at June 6, 2022, 9:46 AM email.

The Herbst Defendants' counsel responded to this email stating that "[w]e served the subpoena on your client in mid-March, well before the discovery deadline . . . [w]e could not conduct the deposition before the discovery deadline because you claimed your client was unavailable . . . [y]ou cannot delay in responding to a valid subpoena and then assert that the deposition cannot take place without leave of court because a discovery deadline has passed . . . [i]f you have authority which is contrary to our understanding of the law, please circulate it . . . [p]lease provide us with deposition dates." Ex. D, at June 6, 2022, 11:31 AM email.

Despite the invitation to do so, Ms. Murphy's counsel did not provide contrary authority regarding a non-party's right to delay in responding to a deposition subpoena and then claim that it cannot take place without leave of court. On June 8, 2022, the Herbst Defendants' counsel again reached out to Ms. Murphy's counsel to schedule her deposition. Ex. C, at June 8, 2022, 11:25 AM email. To date, Ms. Murphy has not produced documents responsive to the Subpoena nor has she provided dates for her deposition.

Pursuant to FRCP 45 (g), the failure of any person without "adequate excuse" to obey a subpoena served upon them may be deemed a contempt of court. *See* FRCP 45(g); *see also Freund v. Weinstein*, No. 08CV1469FBMDG, 2009 WL 4065585, at *1 (E.D.N.Y. Nov. 23, 2009) ("Absent an improperly issued subpoena or an "adequate excuse" by the non-party, failure to comply with a subpoena made under Rule 45 may be deemed a contempt of the court from which the subpoena issued."). This Court has opined that "[e]vasion of a deposition subpoena constitutes an obstruction of the administration of justice . . .[a] court is entitled to have its orders obeyed . . . [w]hen a witness, litigant or attorney refuses to appear for a deposition or other necessary proceeding, the court must act in order to maintain not only its control over the proceedings but also to effectuate a subsequent resolve of the entire matter." *Hinds v. Bodie*, No. 84 CV 4450, 1988 WL 33123, at *1 (E.D.N.Y. Mar. 22, 1988).

Ms. Murphy does not have an adequate excuse for her non-compliance to the Subpoena and has waived her right to object by failing to timely do so. Consequently, the Herbst Defendants seek an order compelling Ms. Murphy to immediately produce documents and appear for a deposition as requested by the Herbst Defendants in the Subpoena. *See Sprint Nextel Corp. v. Ace Wholesale, Inc.,* No. 1:12-CV-2902-JEC, 2014 WL 4308355, at *1 (S.D.N.Y. Aug. 26, 2014) (compelling non-party to produce documents and appear for deposition after failing to comply

**GLENN AGRE BERGMAN & FUENTES**

with subpoena and having objections waived). Moreover, pursuant to FRCP 37 (a)(5), the Herbst Defendants seek an order awarding them their reasonable attorneys' fees and costs for bringing this instant motion because Ms. Murphy does not have an "adequate excuse" for her non-compliance. *See Anderson v. City of New York*, No. CV–06–5363 KAM/VVP, 2009 WL 3731973, at *1 (E.D.N.Y. Nov. 6, 2009) (noting that "[a]ny motions to compel compliance with a duly issued subpoena, if successful, would of course entitle the moving party to an award of attorneys' fees and costs in appropriate circumstances.").

We are available to address any questions the Court may have about this matter.

Respectfully submitted,

/s/ Lindsey (Reid) Skibell
Reid Skibell