# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

SHORELINE AVIATION, INC.,

                Plaintiff,

  -against-

CYNTHIA L. HERBST, SOUND AIRCRAFT
FLIGHT ENTERPRISES, INC.,
RYAN A. PILLA, BLADE URBAN AIR MOBILITY,
INC. a/k/a FLY BLADE, INC., MELISSA TOMKIEL,
and ROBERT S. WIESENTHAL,

                Defendants.

------------------------------------------------------------------X

Case No. 2:20-cv-02161-JMA-SIL

**NOTICE OF SUBPOENA**

     **PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 45, Cynthia L. Herbst, Sound Aircraft Flight Enterprises, Inc., and Ryan A. Pilla (collectively the "Herbst Defendants") intend to serve the attached subpoena on Camille R. Murphy.

Dated: March 14, 2022
      New York, New York

GLENN AGRE BERGMAN &
FUENTES LLP

By:   */s/ Lindsey R. Skibell*
      Lindsey R. Skibell
      Jewel K. Tewiah
      55 Hudson Yards
      20th Floor
      New York, New York 10001
      rskibell@glennagre.com
      jtewiah@glennagre.com
      (212) 358-5600

FREDERIC C. FOSTER, P.C.

Frederic C. Foster, Esq.
4 Montauk Highway
Westhampton, NY 11977
AParker@westhamptonattorneys.com
631-288-5550

*Attorneys for Cynthia L. Herbst, Sound Aircraft Flight Enterprises, Inc., and Ryan A. Pilla*

NOTICE (VIA EMAIL) TO:

KRIEGSMAN PC

Alex Kriegsman, Esq.
279 Main Street
Sag Harbor, New York 11963
alex@kriegsmanpc.com

*Attorneys for Plaintiff Shoreline Aviation, Inc.*

PROSKAUER ROSE LLP

Harris M. Mufson
Jonathan R. Gartner
Eleven Times Square New York, New York 10036
hmufson@proskauer.com
jgartner@proskauer.com

*Attorneys for Blade Urban Air Mobility, Inc. a/k/a Fly Blade, Inc., Melissa Tomkiel, and Robert S. Wiesenthal*

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| SHORELINE AVIATION, INC.,<br>*Plaintiff*<br>v.<br>CYNTHIA L. HERBST, et al.<br>*Defendant* | ) ) ) ) ) ) ) Civil Action No. 2:20-cv-02161-JMA-SIL |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: CAMILLE R. MURPHY

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Remote via Zoom. | Date and Time: 04/12/2022 9:30 am |
|---|---|

The deposition will be recorded by this method: stenographically.

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: all documents set forth in Exhibit A, annexed hereto.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/14/2022

*CLERK OF COURT*

OR

_____  _____
*Signature of Clerk or Deputy Clerk*   /s/ Lindsey R. Skibell
                                       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Cynthia L. Herbst Sound Aircraft Flight Enterprises, Inc., Ryan A. Pilla, who issues or requests this subpoena, are:

Reid Skibell, Glenn Agre Bergman & Fuentes LLP, 55 Hudson Yards, 20th Floor, NY,NY 10001, (212) 358-5600

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

## DEFINITIONS

1. "Action" refers to this matter which is currently pending in the United States District Court for the Eastern District of New York with the Civil Action Number 2:20-cv-02161-JMA-SIL.

2. "Cape Air" refers to Hyannis Air Service, Inc. d/b/a Cape Air and each and all of its managers, members, managing members, shareholders, officers, directors, representatives, agents, employees, partners, affiliates, assigns, attorneys, accountants, predecessors, successors and all other persons or entities acting or purporting to act on its behalf or under its control.

3. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), whether oral, written, telephonic, telegraphic, electronic, or otherwise.

4. "Concerning" means relating to, referring to, reflecting, regarding, discussing, comprising, or constituting.

5. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate Document within the meaning of this term.

6. "Herbst" refers to Defendant Cynthia L. Herbst and her respective employees, assigns, agents, attorneys, accountants, representatives, and all persons presently or previously acting or purporting to act on her behalf.

7. "Pilla" refers to Defendant Ryan A. Pilla and his respective employees, assigns, agents, attorneys, accountants, representatives, and all persons presently or previously acting or

purporting to act on his behalf.

8. "Person" means any natural person or any company, firm, partnership, proprietorship, corporation, joint venture, trust, or any other legal or governmental entity, group, organization, or association.

9. "SAFE" refers to Defendant Sound Aircraft Flight Enterprises, Inc. and each and all of its respective managers, members, managing members, shareholders, officers, directors, representatives, agents, employees, partners, affiliates, assigns, attorneys, accountants, predecessors, successors and all other persons or entities acting or purporting to act on its behalf or under its control.

10. "Shoreline" refers to Plaintiff Shoreline Aviation, Inc. and each and all of its respective managers, members, managing members, shareholders, officers, directors, representatives, agents, employees, partners, affiliates, assigns, attorneys, accountants, predecessors, successors and all other persons or entities acting or purporting to act on its behalf or under its control.

11. "You," or "Your," refers to Camille R. Murphy and all of her representatives, agents, employees, partners, affiliates, assigns, attorneys, accountants, predecessors, successors and all other persons or entities acting or purporting to act on her behalf or under her control.

## Instructions

1. In addition to compelling the Deposition of Camille R. Murphy, this subpoena calls for the production of relevant Documents and Communications in Your possession, custody or control. This includes, but is not limited to, all Documents subject to Your control that are stored in physical locations, or on any electronic device or computer, including, but not limited to, servers, hard drives, thumb drives, and similar devices, laptops, tablets, or smartphones, and

including any Documents and Communications stored with cloud technology which is in Your possession, custody or control.

2.  In addition to original and final versions of documents, all drafts, alterations, modifications, changes and amendments of documents should be produced, as well as all copies non identical to the original in any respect, including any copy bearing non identical markings or notations of any kind.

3.  If You object, in whole or in part, to any category of Documents to be produced (or any definition or instruction) in this subpoena and do not produce all responsive Documents, (a) state with specificity all grounds for, and the facts upon which You base, each such objection and/or refuse to produce, and (b) identify and produce those Documents requested to which You do not object.

4.  Please produce responsive Documents to the extent that You do not claim a privilege. If You object to any Documents requested on the grounds of privilege, please fully set forth Your claim of privilege in response to this subpoena. For any responsive Documents withheld, please provide at the date and time set forth in this subpoena a summary conforming to the requirements of Fed. R. Civ. P. 45(e)(2) that describes the nature of each of the Documents, Communications or other tangible things not produced or disclosed.

5.  Unless otherwise specified, these requests seek Documents for the period of January 1, 2017 through the present.

## DOCUMENTS REQUESTED

1.  All Documents related to Your Affidavit, including but not limited to, any Communication concerning the drafting of Your Affidavit.

2. Any Communication Concerning Shoreline's claims in this Action and/or the matters set forth in Your Affidavit.

3. All Documents exchanged with Shoreline Concerning the transaction with Cape Air and the tax implications thereof.

4. All Documents Concerning Paragraph 10 of Your Affidavit, including any Communication with Duane Tolander.

Civil Action No. 2:20-cv-02161-JMA-SIL

## PROOF OF SERVICE

I received this subpoena for *(name of individual and title, if any)* Camille R. Murphy
on *(date)* 03/14/2022 .

☑ I served the subpoena by delivering a copy to the named individual as follows: I transmitted a true and correct copy of the subpoena to Camille R. Murphy's Business Address via U.S. Certified Mail
on *(date)* 03/14/2022 ; or

☐ I returned the subpoena unexecuted because:

The witness was provided $40.00 as compensation for her attendance.

My fees are $ N/A for travel and $ 5.11 for services, for a total of $ 5.11 .

I declare under penalty of perjury that this information is true.

Date: 3/23/2022

*Server's signature*

Patrick Bravo - Director, Client Services
*Printed name and title*

216 E. 45th St - 4th Floor - New York, NY 10017
*Server's address*

Additional information regarding attempted service, etc.: