# EXHIBIT 29

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

SHORELINE AVIATION, INC.,

          Plaintiff,

-against-

CYNTHIA L. HERBST, SOUND AIRCRAFT FLIGHT
ENTERPRISES, INC., and RYAN A. PILLA,

          Defendants.

------------------------------------------------------------X

Case No.: 2:20-cv-02161-JMA-SIL

**PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO FRCP 26(a)(1)**

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Plaintiff Shoreline Aviation, Inc., through its undersigned counsel, makes the following initial disclosures to Defendants.

These disclosures are based on information presently known and reasonably available to Plaintiff and which Plaintiff reasonably believes it may use in support of its claims. Plaintiff reserves the right to supplement or amend these initial disclosures. By providing these initial disclosures, Plaintiff does not represent that it is identifying every document, tangible thing, or witness that is potentially relevant to this action. In addition, Plaintiff makes these disclosures without waiving its right to object to any discovery request or proceeding involving or relating to the subject matter of these disclosures on any grounds, including competency, privilege, relevancy, materiality, hearsay, undue burden, confidentiality, or any other appropriate grounds. Furthermore, these disclosures are not an admission by Plaintiff regarding any matter.

1. **Individuals Likely to Have Discoverable Information**

The following individuals are likely to have discoverable information that Plaintiff may use to support its claims:

1

| Individual | Address/Telephone Number | Subject of Information |
|---|---|---|
| Andrea Collingwood | | Allegations contained in the Complaint |
| Cynthia L. Herbst ("Herbst") | 3705 Noyac Road, Unit D, Sag Harbor, NY 11963 | Allegations contained in the Complaint |
| Ryan A. Pilla ("Pilla") | 610 Scuttle Hole Road, Water Mill, NY 11976 | Allegations contained in the Complaint |
| Steven Tuma ("Tuma") | 7 Northview Hills Ct., Sag Harbor, NY 11963 | Contract between Shoreline Aviation, Inc. ("Shoreline Aviation") and Sound Aircraft Services, Inc.; Shoreline Aviation's agreement with Herbst; formation and operation of Sound Aircraft Flight Enterprises, Inc. ("SAFE"); terms of divorce settlement between Tuma and Herbst; proceedings in August 2018 lawsuit filed by Herbst and Safe against Tuma and Shoreline Aviation |
| Melissa Tomkiel | 499 East 34th Street, New York, NY 10016 | The April 6, 2018 meeting among Pilla, Herbst, Fly Blade, Inc. ("Blade"), and Shoreline Aviation; Blade's offer to provide booking services for Shoreline Aviation; communications among Blade, Pilla, SAFE, and/or Herbst; Blade's affiliation, relationship, and/or agreements with Herbst, Pilla, and/or SAFE |
| Eric Weaver ("Weaver") | | The April 22, 2018 communication between Weaver and Eduardo Fernandes; Shoreline Aviation's operations and relationship with Herbst and SAFE |
| Eduardo Fernandes ("Fernandes") | | The April 22, 2018 communication between Fernandes and Weaver; SAFE's operations and relationship with Shoreline Aviation; SAFE's dealings with Blade; SAFE's dealings and communications with Shoreline Aviation customers |
| Maureen Quigley | | SAFE's operations and relationship with Shoreline Aviation; SAFE's dealings with Blade; SAFE's dealings and communications with Shoreline Aviation customers |

2

| Jim Brundidge ("Brundidge") | 173 Daniels Hole Road, Wainscott, NY 11975 / (631) 537-1130 x 7501 | Communications among Brundidge, John Jilnicki, Herbst, and Pilla regarding Shoreline Aviation |
| John Jilnicki ("Jilnicki") | 159 Pantigo Road, East Hampton, NY 11937 / (631) 324-8787 | Communications among Jilnicki, Brundidge, Herbst, and Pilla regarding Shoreline Aviation |

2. **Description of Documents**

The following are categories of documents, electronically stored information, and tangible things in Plaintiff's possession, custody, or control that Plaintiff may use to support its claims:

    a. Documents concerning the business operations and finances of Shoreline Aviation, including, without limitation, financial statements, customer lists, reservation requests, payment processing, customer communications, flight schedules, publications, advertisements, travel guides, signage, flight manifests, and policies concerning passenger check-in procedures.

    b. Communications among Plaintiff, Defendants, Blade, and other third parties concerning Shoreline Aviation.

    c. Contracts, arrangements, and other agreements among the parties.

    d. Communications to Shoreline Aviation customers from Shoreline Aviation, Herbst, and/or SAFE.

    e. Documents evidencing commissions paid to Herbst and SAFE.

    f. Documents concerning the lawsuit filed by Herbst and SAFE against Tuma and Shoreline Aviation in August 2018.

    g. Documents concerning the Employee Stock Ownership Plan that Shoreline Aviation planned to launch in 2018.

3

    h. Documents concerning (1) negotiations between Shoreline Aviation and Cape Air and (2) Cape Air's purchase of Shoreline Aviation's assets.

Documents falling under the above categories are located at the office of Plaintiff's counsel at 279 Main Street, Sag Harbor, NY 11963.

3. **Computation of Damages**

Plaintiff seeks damages in the following categories and amounts based on Plaintiff's present knowledge:

    a. Actual and consequential damages against Herbst and SAFE for (1) breach of contract and promissory estoppel in an amount to be determined at trial but in no event less than $3,308,225.00; (2) conversion and unjust enrichment in the amount of $65,522.00; and (3) breach of fiduciary duty and misappropriation in an amount to be determined at trial but in no event less than $10,000,000.00.

    b. Actual and consequential damages against all Defendants for unfair competition and tortious interference with prospective business relations in an amount to be determined at trial but in no event less than $10,000,000.00.

    c. Punitive damages for breach of fiduciary duty and misappropriation against Herbst and SAFE in an amount to be determined at trial but in no event less than $20,000,000.00.

    d. Punitive damages for tortious interference with prospective business relations against all Defendants in an amount to be determined at trial but in no event less than $20,000,000.00.

e. Disgorgement from Herbst and SAFE of all monies paid to them during the period of disloyalty for violation of the faithless servant doctrine in an amount to be determined at trial.

f. Costs and disbursements of this action.

g. Pre- and post-judgment interest.

The computation of actual damages of $3,308,225.00 is based on Plaintiff's current estimate of (1) 2018 lost revenue from both commuter and charter flights in the amount of $1,350,000.00; (2) the cost to replace SAFE's staff in 2018 in the amount of $238,225.00; (3) 2019 lost revenue from both commuter and charter flights in the amount of $1,480,000.00; and (4) the cost of additional staff in 2019 in the amount of $240,000.00.

The computation of actual damages of $65,522.00 is based on the unearned commissions paid to Herbst and SAFE.

The computation of actual and consequential damages of $10,000,000.00 is based on Plaintiff's current estimate of (1) the loss of $3,150,000.00 in tax benefits from the Employee Stock Ownership Plan; (2) the lost opportunity to sell Shoreline Aviation's business, which was valued at $6,000,000.00; and (3) other amounts to be proven at trial.

Calculation of the remaining categories of damages is premature at this time.

4. **Insurance**

Plaintiff is not aware at this time of any insurance agreement under which an insurance business may be liable to satisfy all or part of a judgment that may be entered in favor of Plaintiff or to indemnify or reimburse Defendants for payments made to satisfy the judgment.

Dated: September 24, 2020

                        KRIEGSMAN PC

By:   *s/ Alex Kriegsman*_____
       Alex Kriegsman
       Kriegsman PC
       *Attorneys for Plaintiff*
       279 Main Street
       Sag Harbor, NY 11963
       (631) 899-4826
       (631) 919-5182 (fax)
       alex@kriegsmanpc.com

## CERTIFICATE OF SERVICE

I, Alex Kriegsman, certify under penalty of perjury under the laws of the United States that, on September 24, 2020, I caused the foregoing Plaintiff's Initial Disclosures to be served on the following attorney of record:

Frederic C. Foster (rick@westhamptonattorneys.com)
Frederic C. Foster, P.C.
4 Montauk Highway
Westhampton, NY 11977

Dated: September 24, 2020

*s/ Alex Kriegsman*
Alex Kriegsman
